UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-cv-386-WTL-DML |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on several pending motions. Each is addressed, in turn, below.

### Plaintiff's Motion to Withdraw Motion for Summary Judgment (Dkt. No. 62)

This motion is **GRANTED.** The Clerk should note on the record that Docket No. 30 has been withdrawn.

### Defendants' Motion to File a Combined Brief and for Extension of Time (Dkt. No. 32)

This motion is **GRANTED**.

### Plaintiff's Motion for Oral Hearing (Dkt. No. 51)

This motion is **DENIED**. The Court does not believe that a hearing on the pending motions would be helpful or a good use of judicial resources.

### Plaintiff's Motion to Amend (Dkt. No. 63)

The Plaintiff's motion to amend his complaint is **GRANTED** and the Clerk is directed to file the Plaintiff's Second Amended Complaint, which is found at Docket No. 63-1. Unlike the Plaintiff's previously proposed amended complaints, this one serves only to narrow and clarify his claims; it does not add any claim that is not contained in the current complaint. The Court

therefore can, and will, consider the Defendants' fully-briefed motion to dismiss and/or for summary judgment as it applies to the new complaint. No further briefing is necessary. Accordingly, the Defendants are not prejudiced by the amendment.

**Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 35)**

The Defendants move to dismiss all of the Plaintiffs' claims for lack of subject matter jurisdiction. In the alternative, they move for summary judgment as to some of the Plaintiff's claims. Their arguments are addressed, in turn, below.

### A. The Parties

In his Second Amended Complaint, Plaintiff Wayde Coleman asserts claims against the following Defendants: the City of Indianapolis; Marion County; the Assessor's Office; and the Treasurer's Office. Coleman also lists the Office of Mayor Gregory A. Ballard and "Code Enforcement of Indianapolis" in the caption of his Second Amended Complaint, but does not mention those Defendants in the body of the Second Amended Complaint and therefore does not assert any claims against those Defendants. In addition, in his Amended Complaint Coleman names "City Council Committee and or Commissioner Committee," Office of Corporation Counsel, David Lichtenberger, and Pamela Schneeman as Defendants, but those Defendants are not named in the Second Amended Complaint and therefore are no longer parties to this action. Nor does Coleman name Marion County Assessor Joseph P. O'Connor, the individual, as a Defendant; rather, he names only the "entity" of the Assessor's Office. Second Amended Complaint at 4.

### B. Relevant Facts as Asserted by Coleman

In 2006, Coleman acquired ownership of a property in Indianapolis ("the Property"). Because of delinquent taxes and unpaid special assessments, penalties, and costs, on March 15,

2010, the Marion Circuit Court issued a "Judgment and Order for Sale" allowing the Property to be offered for sale in the 2009 Marion County Tax Sale, which was held in March 2010.

When the Property did not sell in the tax sale, by operation of law Marion County acquired a tax sale certificate for the Property. In November 2010, the Marion Circuit Court, on the motion of the Marion County Auditor, issued an Order for Issuance of Tax Deeds. Although the court's order authorized Marion County to exchange its tax sale certificate for a tax deed to the Property, Marion County did not act until 2014, when it decided to offer the Property for sale in the surplus real estate auction to be held on March 21, 2014. In the meantime, Coleman attempted to make payments to the County but was told that partial payments were not permitted and he would have to make the full payment of approximately $12,000 to keep the Property. Coleman determined that, through a clerical error, the County Clerk had sent notices to an incorrect address (the Property's address instead of the address at which he resided). He wrote several letters of appeal, but received no response.

After making an inquiry, Coleman received notice that the Property was to be offered in the surplus real estate auction in March 2014 and filed this suit in the Marion Superior Court alleging that he never received notice of the transfer of his property in 2010 and that the transfer violated his constitutional rights in numerous respects. The Defendants removed the case to this court; removal was proper because Coleman asserted claims under federal law.

In his Second Amended Complaint, Coleman alleges that the Defendants fraudulently asserted the following to the Marion Circuit Court in March 2010 in order to obtain the Property: (1) notice had been given of the intended application for a judgment against the Property; (2) no sufficient defense had been made and no cause had been shown why judgment should not be entered; (3) the Property had not been redeemed from the sale; and (4) the time allowed for

redemption expired 120 days from the date of sale. He further asserts that on April 4, 2014, subsequent to the filing of this case, Marion County obtained a tax deed to the Property. On April 28, 2014, a Stop Work Order was placed on the front door of the Property. Coleman applied for permits to allow him to continue his work at the Property; those permits were invalidated because Coleman was no longer the owner of the Property, the deed having been issued to Marion County. Coleman alleges that he had not been given notice that Marion County had applied for the tax deed; rather, he was led to believe by the Defendants that they would work with him to bring the Property up to code, reduce the fines owned, and allow him to redeem the Property. He asserts that, in retaliation for his exercising his rights and filing suit against them, the Defendants conspired to invalidate his work permits and failed to give him proper notice.

### C.  Claims Asserted

Coleman asserts several claims in his Second Amended Complaint. In Claim 1, he asserts that his rights under the Fourth and Fourteenth Amendments were violated by the sale of the Property, which he alleges was fraudulently procured by the Defendants. In Claim 2, he alleges a "deprivation of liberty" based upon his allegation that while the County became the owner of the Property on March 20, 2014, he was not given notice of that fact until May 29, 2014, and that he spent over $60,000 working on the Property in the meantime. In Claim 3, Coleman alleges that his right to be free from deprivation of property without due process was violated by the failure to respond to his appeals and allow him to establish a payment plan, the failure to give notice prior to the initial sale, and the same failure to give notice that is the basis of Claim 2. In Claim 4, Coleman asserts a claim for "failure to investigate," which appears to relate to the City's failure to respond to his appeal letters. In Claim 5, Coleman asserts a claim

4

for malicious abuse of process, claiming that he invested $70,000 into working on the Property because he was not given notice that he no longer owned it. Finally, in Claim 6, Coleman asserts a claim for spoliation of evidence; the exact basis for this claim is unclear.

### D. Discussion

The Defendants first argue that this Court lacks subject matter jurisdiction over this case, in its entirety, based upon the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over cases in which "plaintiffs request . . . a federal district court to overturn an adverse state court judgment." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citation omitted). The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Importantly, the purpose of the doctrine is to "preclude[] lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] *no matter how erroneous* or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)) (emphasis added).

Here, Coleman expressly asserts in his Second Amended Complaint that he is not asking the Court to set aside the state court's judgment, correctly recognizing that doing so would violate *Rooker-Feldman*. However, Coleman appears to believe that his claims for damages

based on the taking of the Property can proceed because he alleges that the Defendants committed fraud in order to obtain the state court judgment. Coleman's understanding of the *Rooker-Feldman* doctrine is too narrow. "[F]raud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit." *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). Rather,

> [t]o determine whether *Rooker–Feldman* bars a claim, we look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff. A litigant may not attempt to circumvent the effect of *Rooker–Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action.

*Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis in original) (internal citations and quotation marks omitted). Thus, in *Johnson*, the court held that "Mr. Johnson's injury—the County's refusal to issue him a tax deed—was caused by the agreed order. He cannot avoid the *Rooker–Feldman* bar by alleging that he suffered this injury as a result of violations of his constitutional rights." Similarly, here most of the injuries claimed by Coleman flow directly from the fact that he lost ownership of his Property, which was caused by the state court's judgment. The Court does not have subject matter jurisdiction over any claim—however, it is cast—that seeks to redress this injury.[1]

However, while most of the injuries claimed by Coleman fall under the *Rooker-Feldman* umbrella, not all of them do. Specifically, Coleman asserts that he also was injured in the form of the time, effort, and money he spent working on the Property between March 20, 2014, when the County obtained the tax deed to the Property, and May 29, 2014, when he asserts he first learned that he was no longer the owner of the Property. Coleman asserts that the failure to give

---

[1] In light of this fact, the Court need not address the other reasons advanced by the Defendants for why Coleman may not challenge or recover damages for the taking of his Property.

6

him notice that he was not the owner of the Property was "malicious, and was done to cause Mr. Coleman irreparable harm" and was "retalitorial." Second Amended Complaint at 10. Although it is not entirely clear, the Court assumes what Coleman asserts is that the Defendants intentionally allowed him to continue working on the Property after they obtained the tax deed to the Property in March 2014 in retaliation for Coleman filing suit in February 2014. While it remains to be seen if Coleman has any evidence to support such a claim,[2] it is based upon an injury independent of the state court judgment—that is, an injury in addition to the loss of the Property—and therefore is not barred by *Rooker-Feldman*.[3] Therefore, to the extent—and only to the extent—that Claims 1, 2, 3, and 5 seek compensation for injury sustained by Coleman due to the alleged fact that he was not given notice that he no longer owned the Property between March 20, 2014, and May 29, 2014, the motion to dismiss is **DENIED**. The motion to dismiss is **GRANTED** as to Coleman's remaining claims, which are dismissed for lack of subject matter jurisdiction. The alternative motion for summary judgment is **DENIED AS MOOT**.

## CONCLUSION

For the benefit of the Clerk, the Court's rulings are summarized as follows:

- The Plaintiff's Motion to Withdraw Motion for Summary Judgment (Dkt. No. 62) is **GRANTED** and the Clerk is directed to note on the record that Docket No. 30 has been withdrawn.

---

[2] The Court also expresses no opinion regarding whether Coleman has adequately pled a constitutional or tort claim based upon this alleged injury, as the Defendants make no argument in that regard.

[3] Nor does it appear to the Court that any of the other reasons for dismissal asserted by the Defendants apply to this claim, as all of them appear to relate to attempts, by whatever label, to set aside a tax sale or seek compensation for an improper tax sale.

- The Defendants' Motion to File a Combined Brief and for Extension of Time (Dkt. No. 32) is **GRANTED**.

- The Plaintiff's Motion for Oral Hearing (Dkt. No. 51) is **DENIED**.

- The Plaintiff's Motion to Amend (Dkt. No. 63) is **GRANTED** and the Clerk is directed to file the Plaintiff's Second Amended Complaint, which is found at Docket No. 63-1.

- The Defendants' Motion to Dismiss (Dkt. No. 35) is **GRANTED IN PART AND DENIED IN PART** and the alternative Motion for Summary Judgment (also Dkt. No. 35) is **DENIED AS MOOT**.

- The following Defendants remain in this case: the City of Indianapolis; Marion County; the Marion County Assessor's Office; and the Marion County Treasurer's Office. The docket should reflect that the following Defendants have been voluntarily dismissed by the Plaintiff: the Office of the Mayor Gregory A. Ballard; Joseph P. O'Connor; the "City Council Committee and/or Commissioner Committee"; the Office of Corporation Counsel; "Code Enforcement of Indianapolis"; and "Any and Unknown Defendants Whom Names are Unavailable at this Time."

- The only claims that remain in this case are those portions of Claims 1, 2, 3, and 5 in which Coleman seeks compensation for injuries he sustained due to the alleged fact that he was not given notice that he no longer owned the Property between March 20, 2014, and May 29, 2014. The Defendants' answer or motion directed to the Second Amended Complaint need only address those specific claims.

SO ORDERED: 9/15/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

8

**Copy by United States Mail to:**

**Wayde Coleman**
**10158 Ironway Dr.**
**Indianapolis, IN  46239**

Copies to all counsel of record via electronic notification