UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:14-cv-386-WTL-DML |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
|    Defendants. | ) |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for summary judgment (Dkt. No. 85).[1]  The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.  The Defendants' related motion to strike (Dkt. No. 93) is **DENIED AS MOOT**.  The Plaintiff's request for a hearing is denied.

### I.  STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.").  However, a party who bears the burden of proof

---

[1] While Coleman's response to the Defendants' motion for summary judgment is entitled Plaintiff's Objection & Response to the Defendants [sic] Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment, Coleman has clarified that this is a misnomer and he did not intend to move for summary judgment.

on a particular issue may not rest on its pleadings, but must show what evidence he has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

In his Second Amended Complaint, Plaintiff Wayde Coleman, who is proceeding pro se in this action, [2] asserted claims against the City of Indianapolis, Marion County, the Marion County Assessor's Office, and the Marion County Treasurer's Office. In his response to the instant motion, Coleman voluntarily dismissed his claims against the Marion County Assessor's Office. Dkt. No. 88 at 11.

In a nutshell, Coleman asserted in his Second Amended Complaint various claims arising out of the fact that Marion County obtained a Judgment and Order for Sale ("the Judgment") regarding a home he owned in Indianapolis ("the Property") in 2010. When the Property did not sell, the County acquired by operation of law a tax sale certificate for the Property; in November 2010, the Marion Circuit Court issued an order for issuance of a tax deed for the Property conveying ownership to Marion County. The County Auditor did not take the necessary action to obtain the tax deed for the Property until March 2014; Coleman thus remained the owner of record of the Property until that time.

---

[2] The Court notes that the Plaintiff was provided with the notice required by Local Rule 56-1(k). Dkt. No. 84.

The Court dismissed most of Coleman's claims for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine because his alleged injuries flowed from the Judgment that gave the County the authority to attempt to sell and eventually take ownership of the Property. *See* Dkt. No. 65. Coleman then pursued those claims in state court. While it does not appear that his claims for damages have been resolved, the state court has issued a ruling setting aside the tax deed, finding it void because Marion County had not provided Coleman with all of the notices due pursuant to statute before the Judgment was obtained. Accordingly, Coleman is once again the owner of record of the Property.

In addition to his claims that related to the County's taking ownership of the Property, Coleman alleged that the Defendants failed to notify him that he was no longer the owner of the Property during the time between March 20, 2014, the date the County recorded the tax deed, and May 29, 2014, when Coleman alleges he finally received notice that the County had acquired ownership of the Property. During that time, Coleman alleges that he spent a substantial amount of effort and money making repairs to the Property because he was unaware that he no longer owned it. Those are the only claims that remain before this Court. The Defendants have now moved for summary judgment on those claims.

### III. DISCUSSION

The Defendants first argue that Coleman is not the real party in interest in this case and therefore has no standing to pursue it because Coleman filed for Chapter 7 bankruptcy during the pendency of this case but did not list the case as an asset in his bankruptcy filings. The Defendants are correct that this lawsuit was part of Coleman's bankruptcy estate and therefore could be pursued only by the bankruptcy trustee unless and until it was abandoned by the trustee. *See Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (pre-bankruptcy claims belong

3

to Trustee for benefit of creditors unless abandoned). However, Coleman successfully petitioned to reopen his bankruptcy and, subsequent to the briefing of the instant motion, the Trustee did, in fact, abandon his interest in this lawsuit. Coleman is, therefore, now the real party of interest in this case. *See Matthews v. Potter*, 316 Fed. Appx. 518, 521-22 (7th Cir. 2009) (Once claims are abandoned by the bankruptcy trustee, "title reverted to [Coleman] as if [he] owned them continuously and the bankruptcy never happened.") (citing *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380, 385 (5th Cir.2008); *Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609, 617 (7th Cir. 2002); *In re Kasper,* 309 B.R. 82, 94 (Bankr. D.C. 2004) (noting that title reverts to debtor as of the petition date with all pre-petition rights); 5 Collier on Bankruptcy ¶ 5-554.02 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008)).

  The Defendants also argue that Coleman should be estopped from pursuing this case because he concealed it from the bankruptcy court. The Court need not consider that argument because the Defendants are entitled to summary judgment on Coleman's remaining claims in any event.

  Coleman's arguments in his brief make it clear that he in large part is still complaining about the failure to provide him with the statutorily required notice prior to obtaining ownership of the Property. *See, e.g.*, Dkt. No. 88 at 39 ("Mr. Coleman is claiming that he was injured because of action outside and inside the Court that was wrongfully used to gain [the state court judgment and order for sale of the Property]"; "Coleman was a victim of Fraud once the Defendants moved the Circuit Court for judgment; when they claim that **ALL PROPER NOTICE was given** prior to sale pursuant to Indiana Code . . . ."); *id.* at 41 ("Defendants clearly failed to provide Coleman with notice prior to collecting on Tax Deed, judgment and the initial-sale; in which was ALL voided by the Marion County Circuit Court."); *id.* at 42 ("Defendants

4

presented false affirmations, affidavits and or declaration to the Marion Circuit Court leading them to believe that All Laws were followed prior to taking the property."). None of those claims are properly before this Court, however; they were dismissed on *Rooker-Feldman* grounds.[3] Coleman is now pursuing those claims in state court, having subsequently obtained a ruling voiding the Judgment and tax deed. Nothing in this ruling has any effect on those state court claims; Coleman is free to continue to pursue them in that venue.

> Coleman's brief does mention the claims that are properly before this Court:
>
> [O]n the 20th day of March, 2014 the Defendants moved to collect on a Tax Certificate that Coleman never knew existed; they literally took Mr. Coleman's home without due process and without proper notice, Coleman was under the impression that he was the owner of the home while he was investing money and time rehabbing this home; this failure to give notice was malicious, and was done to cause Coleman irreparable harm their actions were retaliatory.

Dkt. No. 88 at 40 (discussing Claim 1 of the Second Amended Complaint).

> Once Coleman's property was taken from him without Proper Notice on the 20th day of March 2014, he was not given notice until May 29, 2014, that his home was no longer his; this failure to give notice has cost Coleman over $60,000.00 including labor, cost and or material.

*Id.* (discussing Claim 2 of the Second Amended Complaint).

> Here, Coleman was ambushed 4 to 5 years later with a Notice that he haven't been the owner since 2010 and or there was a judgment against his property; Mr. Coleman continued working on the home as if he owned it. He invested

---

[3]The Court notes that Coleman's insistence that the failure to comply with the Indiana statute with regard to notice constitutes a constitutional violation is without merit. As the Seventh Circuit has "repeatedly explained, a failure to follow state statutes or state-mandated procedures does not amount to a federal due process claim of constitutional magnitude." *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 629 (7th Cir. 2016) (citing *Charleston v. Bd. of Tr. of Univ. of Ill.*, 741 F.3d 769, 773 (7th Cir. 2013) ("[W]e will be clear once more: a plaintiff does not have a federal constitutional right to state-mandated process."); *Martin v. Shawano-Gresham School Dist.*, 295 F.3d 701, 706–07 (7th Cir. 2002) ("[T]he failure to conform with the procedural requirements guaranteed by state law does not by itself constitute a violation of federal due process."); *Pro-Eco, Inc. v. Bd. of Comm'rs of Jay County, Ind.*, 57 F.3d 505, 514 (7th Cir. 1995) (violation of state law is not a denial of due process of law).

> $70,000.00 into the property not knowing that several judicial proceedings were going on without him being present or even being notified.

*Id.* (discussing Claim 5 of the Second Amended Complaint). These mentions are not sufficient to avoid summary judgment, however. Coleman fails to identify any evidence from which a reasonable jury could conclude that the Defendants acted maliciously at any time. While Coleman's bare allegations were sufficient to survive the Defendants' motion to dismiss, at the summary judgment stage *evidence* is required, and Coleman points to none. Furthermore, Coleman's own initial complaint in this case, filed on February 21, 2014, demonstrates that he knew as of that date that the Defendants intended to offer the Property for sale on March 21, 2014; in other words, he knew that the County's position was that it had the right to divest him of ownership of the Property at that time. To the extent that Coleman invested time and money in the Property after that date, he did so with the full knowledge that his ability to see a return on that investment was dependent on the success of his lawsuit. That was no more or less true once the County obtained the tax deed to the Property on March 20, 2014; Coleman was taking the same risk that he would ultimately lose the Property regardless of whether the County was the owner of record or simply had been granted the right to sell the Property or become its owner of record. Coleman has not even attempted to demonstrate that due process required that he have any more notice regarding the status of the Property than he had as of March 20, 2014. Finally, the fact is that Coleman's lawsuit was successful and he is once again the owner of record; thus, he is receiving the benefit of any work that he has done on the Property.

Coleman has failed to demonstrate that he suffered any injury, constitutional or otherwise, due to his alleged lack of notice between March 20, 2014, and May 29, 2014, that is separate from the injuries he allegedly suffered due to the original failure to provide the required

6

statutory notice prior to obtaining the Judgment. Accordingly, the Defendants are entitled to summary judgment on the claims that remain against them in this case.

SO ORDERED: 12/28/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Wayde Coleman**
**3319 Nowland Ave.**
**Indianapolis, IN 46201**

Copies to all counsel of record via electronic notification