UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:14-cv-386-WTL-DML |
| | ) |
| CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**ENTRY ON MOTION TO RECONSIDER**

This cause is before the Court on the Plaintiff's motion entitled Motion for Reconsideration of Order on Defendants' Motion for Summary Judgment, in the Alternative, Motion for Clarification of Order (Dkt. No. 99), and the Defendants' response thereto. The Court, being duly advised, **DENIES** the motion for reconsideration and **GRANTS** the motion for clarification to the extent and for the reasons set forth below.

The Plaintiff's motion for reconsideration is brought pursuant to Federal Rule of Civil Procedure 59(e), and as such, to obtain relief, the Plaintiff "'must demonstrate a manifest error of law or fact or present newly discovered evidence.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.,* 656 F.3d 487, 492 (7th Cir. 2011)). The Seventh Circuit has "held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments" *Id.* (citing *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). The Plaintiff's motion, with two exceptions, simply rehashes arguments that he made and the Court considered in ruling on previous motions. The Court declines to consider those arguments again.

The first exception is the Plaintiff's argument that he

> did not realize that a Motion for Summary Judgment takes the place of a Trial, and the Court weighs the evidence of injury or elements of Malice instead of the Trier of Fact. If that were the case, I believe that this Summary Judgment Motion is unconstitutional because it deprives me of my right to a fair trial.

Dkt. No. 99 at 2. The constitutionality of the summary judgment process is long settled. *See, e.g., BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("When there are no disputes of material fact, the court may enter summary judgment without transgressing the Constitution.") (citing *Fidelity & Deposit Co. v. United States,* 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902); *Galloway v. United States,* 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931)). And while the Plaintiff is correct that the Court may not "weigh evidence" on summary judgment, that presupposes that there is evidence put forth by both sides on the issue in question. Here, summary judgment was granted because the Plaintiff did not submit any evidence, despite having received the notice required by this district's Local Rule 56-1(k) that sets out a nonmovant's obligation to submit evidence in response to a motion for summary judgment.

> The second new argument in the Plaintiff's motion is as follows:
>
> Or to take a step further; I should be able to move for a new trial if it applied or file my complaint again in Federal Court to address the same Claims as whole including the Feldman Claims since the Judgment have been set-aside. . . . Also, I have not perused [sic] any of the Rooker vs. Feldman claims in State Court, I believe this Court now have jurisdiction over the matter; Since the Judgment has been set-aside.

Dkt. No. 99 at 2-3. As best the Court can ascertain, Plaintiff is arguing that he is entitled to pursue the claims that the Court dismissed on *Rooker-Feldman* grounds because the state court judgment against him that made *Rooker-Feldman* applicable to his claims has now been overturned by the state court. In light of the fact that the judgment has been overturned and the Plaintiff is once again the owner of the property, it is not clear to the Court what claims the Plaintiff believes remain. It is clear to the Court, however, that those claims are not properly

pursued in this case; judgment has been entered and this case is over.  Any claim that was dismissed on *Rooker-Feldman* grounds was dismissed for lack of subject matter jurisdiction and therefore without prejudice, so if the Plaintiff believes there are claims that remain to be pursued, the dismissal by this Court is no impediment to the Plaintiff pursuing them in another case.  However, judgment has been entered in this case and the Plaintiff is no longer entitled to amend his complaint to pursue those or any other claims in this case.

That leads the Court to the Plaintiff's request for clarification regarding whether his claims were "dismissed" with or without prejudice.  With the exception of the claims resolved on summary judgment, all of the Plaintiff's claims were either voluntarily dismissed by the Plaintiff or dismissed for lack of subject matter jurisdiction.  Those dismissals were without prejudice.  However, the claims that were resolved on summary judgment were not "dismissed"; rather, judgment was entered in favor of the Defendants on those claims.  Those claims were the Plaintiff's claims seeking "compensation for injuries he sustained due to the alleged fact that he was not given notice that he no longer owned the Property between March 20, 2014, and May 29, 2014" against Defendant the City of Indianapolis, Marion County, and the Marion County Treasurer's Office.  Dkt. No. 65 at 8.

SO ORDERED: 4/12/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Wayde Coleman**
**3319 Nowland Ave.**
**Indianapolis, IN 46201**

Copies to all counsel of record via electronic notification

3